| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

JULIAN CRUZ, §
TDCJ 921505, §
        Plaintiff, §
 §
*versus*         §    CIVIL ACTION H-08-3300
 §
CAPT. BILLYE J. FORREST, *ET AL.*, §
 §
        Defendants. §

# Opinion on Dismissal

Julian Cruz filed a complaint for civil rights violations. 42 U.S.C. § 1983. He moves to proceed as pauper. 28 U.S.C. § 1915. Cruz is held in the Texas Department of Criminal Justice. He sues Captain Billye Forrest, Kesha Smith, Tad Howard, Karen Hunt, and Gary A. Hunter.

Cruz's claims follow. On May 9, 2008, Hunt told Cruz that prison officials were recommending his placement in administrative segregation because he is a member of the Mexican Mafia. Later, officials put Cruz in administrative segregation. The placement papers falsely stated that Cruz was in the Mexican Mafia. Prison officials did not hold an initial, seven-day administrative segregation hearing; nonetheless, Cruz received papers stating he had attended an initial hearing. Captain Forrest told Cruz that even if he did not have an initial administrative-segregation hearing, his placement was proper because he is a confirmed member of the Mexican Mafia.

Cruz later asked Captain Forrest what evidence was presented at the hearing. She answered that the only thing she knew about was a written recommendation from a prison official that Cruz be housed in administrative segregation because he is a confirmed member of the Mexican Mafia.

The unit classification committee assigned Cruz to administrative segregation based on information that he was a member of a prison gang. Cruz claims the information about his gang membership is false. Forrest told Cruz that she does not have the authority to undo the administrative segregation decision; that only the State Classification Committee can do this.

Cruz claims a denial of due process and equal protection. Cruz requests compensatory and punitive damages, injunctive relief, a declaratory judgment, and court costs.

A prisoner has no constitutional liberty interest in remaining in the general population of a

prison and avoiding administrative segregation. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). This is so even if the segregation is punitive, which Cruz does not claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Placement in administrative segregation based on a classification determination by officials does not implicate a protected due process interest. *Wilkerson v. Stadler*, 329 F.3d 431, 435-36 (5th Cir. 2003). Cruz has no right to due process concerning the determination to place and keep him in administrative segregation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In *Wilkinson v. Austin*, 545 U.S. 209, (2005), the Supreme Court said that prisoners have a due process right to an informal, non-adversary proceeding before placement in Ohio's harsh supermax prison. Cruz does not claim conditions like those in Ohio's supermax facility. Cruz's claim that the Defendants reached the wrong conclusion concerning his gang membership does not implicate a due process liberty interest. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5h Cir. 1996). Cruz fails to state a claim recognized at law on his due process claim concerning his placement in administrative segregation based on gang membership.

To show an equal protection violation, Cruz would have to "prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). His allegations do not show purposeful discrimination.

Cruz fails to state a claim recognized at law. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This case is dismissed.

The Texas Department of Criminal Justice-Institutional Division will deduct 20% of each deposit made to Cruz's inmate trust account (921505) and pay this to the court regularly, provided the account exceeds $10, until the filing fee, $350, is paid.

The Clerk will send a copy to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793 by facsimile, regular mail, or e-mail; and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-Strikes List.

Signed March 23, 2009, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge